(No. 5551. Decided August 15, 1905.)

MARY A. GAFFNEY, *Respondent,* v. RICHARD SAXE JONES, *Appellant.*[1]

JUDGMENTS — REVIVAL — LIMITATION OF ACTIONS — CHANGE OF REMEDY IN JUDGMENT ON TORT—CONSTITUTIONAL LAW—CONTRACTS— IMPAIRMENT OF OBLIGATION. Laws 1897, p. 52, repealing the statute with reference to the revival of judgments, and forbidding any action upon a judgment after a stipulated time, is not unconstitutional as to existing judgments founded upon tort, since the obligation of a contract is not impaired, and the remedy may be changed at the will of the legislature.

Appeal from an order of the superior court for King county, Hatch, J., entered December 7, 1904, upon findings in favor of the plaintiff, after a hearing on the merits, reviving a judgment. Reversed.[2]

*Ernest B. Herald,* for appellant.

*Joseph M. Glasgow,* for respondent.

ROOT, J.—Respondent recovered judgment upon an action in tort against appellant on the 9th day of February, 1897, in the superior court in King county. Upon the 19th day of January, 1904, respondent commenced this proceeding to revive said judgment. From an order of revival, this appeal is taken.

Many errors are assigned; but in view of our conclusion as to the sufficiency of the petition and findings, it is unnecessary to consider any except that assigned upon the

[1] Reported in 81 Pac. 1058.

[2] NOTE. A petition for rehearing has been granted. REP.

trial court's action in denying appellant's motion for dismissal. The question presented is as to the right of respondent to have a judgment of this character revived. The act of March 6, 1897 (Laws 1897, p. 52), reads as follows:

"§ 1. After the expiration of six years from the rendition of any judgment it shall cease to be a lien or charge against the estate or person of the judgment debtor.

"§ 2. No suit, action, or other proceedings shall ever be had on any judgment rendered in the State of Washington by which the lien or duration of such judgment, claim or demand, shall be extended or continued in force for any greater or longer period than six years from the date of the entry of the original judgment.

"§ 3. When the lien of any judgment, as specified in section 1 of this act, has run six years, or its duration will be less than one year by reason of this act, then the lien of such judgment shall continue for one year from and after the taking effect of this act.

"§ 4. Sections 462 and 463 of volume 2, Hill's Code of Washington, relating to a renewal of judgments, are hereby repealed."

It is urged by respondent that these statutory provisions are unconstitutional; and in support of her contention, the following cases are cited, to wit: *Bettman v. Cowley,* 19 Wash. 207, 53 Pac. 53, 40 L. R. A. 815; *Palmer v. Laberee,* 23 Wash. 409, 63 Pac. 216.

An examination of these decisions will show, however, that the reasons for holding the statute invalid, as applied to them, does not obtain with reference to the facts in the case at bar. It was held, in those cases, that the statute was obnoxious to the constitution in so far as it affected contracts, or judgments based upon contracts, entered into prior to the enactment of the statute. This holding was upon the ground that the legislative act would be an impairment of contractual obligations, that in entering into such contracts the parties contemplated the right to enforce them by judgments which could be revived under the statutes existing when the act of 1897 was passed, and that

this was a property right which the legislature could not take away.

The judgment in the case at bar was based upon tort. The facts upon which the right of action accrued were not of a contractual character. While a judgment is sometimes spoken of as a contract and for some purposes is treated as such, yet it will be readily seen that it is not such in the sense that would render the statute an impairment of any compact made by the parties. There was, between the parties, no agreement forming the basis of the action, no consideration parted with in contemplation of the right to revive a possible future judgment. As applied to a judgment in tort, we perceive nothing in the statute contravening any provision of the organic law. *Louisiana ex rel. Folsom v. Mayor etc. of New Orleans,* 109 U. S. 285, 3 Sup. Ct. 211; *Garrison v. New York,* 21 Wall. 196; *Morley v. Lake Shore etc. R. Co.,* 146 U. S. 162, 13 Sup. Ct. 54; *McCoun v. New York Cent. etc. R. Co.,* 50 N. Y. 176; *Bronson v. Kinzie,* 1 How. 311; *McCracken v. Hayward,* 2 How. 608; 19 Am. & Eng. Ency. Law (2d ed.), 168, 169. That the remedy may be changed at the will of the legislature, provided the obligation of contract is not impaired, is, of course, elementary.

Appellant's motion for a judgment should have been sustained. The order appealed from is reversed, with instructions to the honorable superior court to dismiss the petition.

CROW, FULLERTON, and RUDKIN, JJ., concur.