[No. 6412. Decided December 19, 1906.]

## Samuel and Jessie Kenney Presbyterian Home, *Respondent*, v. John Kenney *et al.*, *Appellants.*[1]

Trial—Introduction of Evidence—Objections. Where copies of wills are conceded to be correct copies, and they are treated by court and counsel as being regularly admitted to probate, objection to the want of proper foundation is waived.

Same — Appeal — Reservation of Grounds — Objections to Evidence—Sufficiency. Where correct copies of original wills were offered in evidence and objections on that ground expressly waived, an objection that the wills were irrelevant and incompetent does not raise the point that no proof of authentication or probate was offered with the wills, the probate thereof being on file in the same court, and such an objection to the wills cannot be considered for the first time on appeal.

Partnership—Evidence—Sufficiency. A self-serving affidavit, and testimony as to parts of conversation heard twenty years before, are wholly insufficient to show that the real estate of which decedent was possessed for many years was held by him as a silent partner.

Constitutional Law—Statutes—Retrospective Laws—Rule of Evidence—Witnesses—Transactions With Deceased. Laws of 1890, p. 91, amending Code 1881, § 389, with respect to the exclusion of evidence of any transaction or statement by a deceased person, so as to embrace transactions with persons "deriving right or title by, through, or from any deceased person," applies to transactions or statements prior to the date of the amending enactment, and is constitutional; since it merely declares a rule of evidence and relates only to the remedy, in which there is no vested right.

Quieting Title—Defenses—Laches. One who claims to have been a silent partner of a decedent in the ownership of real estate, is guilty of laches, precluding an action for the quieting of his title, where, for five years after the enactment of the Law of 1890 precluding testimony by him as to transactions with a decedent, he and decedent lived in the same city, and he had ample opportunity to perpetuate his testimony, but made no claim until the lapse of nine years after the parties claiming through his will, which declared the property to be his community property, had paid the taxes thereon under color of title.

[1]Reported in 88 Pac. 108.

Appeal from a judgment of the superior court for King county, Griffin, J., entered March 3, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*G. Ward Kemp*, for appellants.

*Austin E. Griffiths*, for respondent.

MOUNT, C. J.—This action was brought by the respondent to quiet title to a large number of tracts of real estate in King county. Appellants, by answer and cross-complaint, claimed an undivided one-half interest in said property. Upon the trial, the court made findings in favor of plaintiff and against the defendants, and entered a decree quieting title in the plaintiff. From this decree the defendants appeal.

The facts are substantially as follows: Samuel Kenney and Jessie Kenney, during their lifetime, were husband and wife. The appellant John Kenney was a brother of Samuel Kenney, deceased. John Kenney and Mary Ann Kenney, the appellants, are husband and wife. Between the years 1870 and 1890 the property in dispute, except one tract, was deeded by third parties to Samuel Kenney. The one tract referred to was deeded to Jessie Kenney in 1895, after the death of her husband. · Samuel Kenney died on February 15, 1895, leaving his widow, Jessie Kenney, but no children, surviving him. He left a will by which he devised and bequeathed all his property to his wife, except certain specific legacies. This will was a nonintervention will, which designated the widow·and Roger S. Greene as executors and trustees of the estate, and provided that, after the will had been admitted to probate, the property should be disposed of as seemed best to the trustees, and after the estate was finally settled the trustees should record a writing to that effect. The will recited among other things that, "my beloved wife, Jessie Kenney, knows of my habitual and provident care of my dear brother John and his wife . . . and also of my plans

· and hopes for the founding with her of a home for aged and infirm persons in Seattle or its vicinity, and feeling that she is like-minded with me in these matters I confidently leave it to her to make from time to time such provision for my above-mentioned relations and connections, and in respect to founding such a home for aged and infirm persons, as in her best judgment I would make if myself living and controlling the property." The will also declared that all the property owned by the testator was community property of himself and wife. This will was admitted to probate on March 1, 1895, and finally settled and closed on April 14, 1896. Jessie Kenney, the widow of Samuel Kenney, deceased, died testate on May 26, 1900. Her will was also a .nonintervention will, by the terms of which she provided for certain legacies and bequests and for the founding and maintenance of a home for aged and infirm persons, as referred to in her husband's will, and left the bulk of her estate to trustees for such home. She also provided a monthly allowance of $40 each to John Kenney and Mary Ann Kenney, for life, and charged the estate with the payment thereof monthly. This will was admitted to probate on June 1, 1900, and the estate was thereafter finally settled, and on July 2, 1901, passed into the hands of the trustees of said home, as provided by the will.

After the death of Samuel Kenney in 1895, all of the property involved herein was in the actual or constructive possession of Jessie Kenney during her lifetime. After her death, the property was in possession of the executors and trustees of her estate, who managed and controlled the same and paid the taxes thereon down to the present time. The appellants apparently made no claim to the property, or any part thereof, until the 17th day of August, 1904, when the appellant John Kenney made and filed in the county auditor's office of King county an affidavit stating, in substance, that in the year 1880 the affiant and his brother Samuel became partners in the mercantile business, affiant a silent partner therein;

that the real property left by his brother Samuel at his death was purchased with the partnership funds, and was the joint property of the two brothers; that the title thereto was taken in the name of Samuel for convenience only; that there never had been any accounting between the brothers, and that all the described real estate is joint property, and that affiant owns an undivided one-half interest therein jointly with the trustees of the estate. In November, 1904, after this affidavit was filed, the respondent brought this suit to remove the cloud caused by this affidavit. At the trial of the case, deeds were introduced showing the title to the land in Samuel Kenney and Jessie Kenney. The wills of the late Samuel Kenney and Jessie Kenney respectively were received in evidence. A large number of tax receipts were also introduced showing the payment of taxes by Samuel Kenney and Jessie Kenney and their successors, since the property was acquired. The affidavit of John Kenney was also introduced by the plaintiff. The trial court refused to permit John Kenney to testify to any transaction or conversation had by him with his deceased brother during the brother's lifetime.

Appellants now claim that the evidence failed to show either legal or equitable title of the land in the respondent. The record, as we read it, not only shows legal title in the respondent, but this fact was necessarily admitted by the appellants; especially in Samuel Kenney and Jessie Kenney during their lifetime. Whether there was proof that this title descended to the respondent depends upon whether the wills were properly received in evidence, and the conveyances made pursuant to the wills. Appellants claim that there was no foundation laid for the admission in evidence of copies of the wills of Samuel and Jessie Kenney, deceased, and that there was no proof made that either of these wills had been admitted to probate. Neither of these objections was made in the trial of the cause below. It was conceded that the copies offered were correct copies of the originals, and ob-

jections on that account were expressly waived. While the record does not contain any order showing that the wills had been regularly admitted to probate and proved in the probate court, there was no objection upon that ground, and it was not urged when the wills were offered. The wills were treated by the court, and by counsel on both sides, as having been regularly proved in probate. The record of the proceedings in that respect was in the clerk's office immediately at hand, and the court probably took notice of the facts which the record disclosed. If the counsel for the appellants intended to rely upon the general objection made that the wills were "irrelevant and immaterial and incompetent, and not tending to support any issue in the case," they should have pointed out the specific ground now urged, and thereby given the respondent an opportunity to submit the record, which was then in that court if it existed at all. Not having done so, appellants will not be permitted to raise the question here for the first time.

Appellants claim that their evidence established an undivided one-half interest to the property in appellants. The only evidence tending to establish this fact is the affidavit of appellant John Kenney, above referred to, and the evidence of certain witnesses who stated that they had heard parts of conversations some twenty years before between John and his brother Samuel in reference to the purchase of certain real estate. These conversations, if correctly remembered and stated, were entirely insufficient to show that John had any interest in the estate. The evidence in regard thereto is not of sufficient importance to be discussed here. The affidavit was a self-serving declaration, and could not be received under the statute as evidence in appellants' behalf. Bal. Code, § 5991 (P. C. § 937).

It is claimed, however, by appellants that the court erred in rejecting the evidence of John Kenney as to conversations and transactions had with his brother Samuel prior to 1890,

for the reason that prior to that time this § 5991, merely provided that a party in interest could not testify in his own behalf as to any transaction or statement by a deceased person "when the adverse party sues or defends as executor, administrator or legal representative of any deceased person:" (Code 1881, § 389); that in June, 1890, the rule was enlarged to include persons "deriving right or title by, through or from any deceased person." Laws 1890, p. 91. This amendment went into effect in 1890 after the conversation sought to be proved by appellants. It is therefore claimed that the section does not apply to this case, and that if it does so apply, it is unconstitutional. If the statute is constitutional, it clearly applied to the case, whether the conversation occurred before or after the amendment. We have no doubt of its constitutionality. The statute does not relate to or impair contractual rights or vested property rights, but it relates merely to the remedy and declares a rule of evidence. There appears to be no vested right to any rule of evidence, (Cooley's Const. Law (6th ed.), pages 450-452), and the remedy for the enforcement of a right may be changed at the will of the legislature. *Gaffney v. Jones*, 39 Wash. 587, 81 Pac. 1058.

After this amendment became a law in 1890, Samuel Kenney lived nearly five years. He and the appellant John Kenney were both in Seattle together during that time. If appellant had any interest in the property, as he now claims, ample opportunity was afforded to perpetuate the evidence of that fact. After Samuel Kenney's death in 1895, and after his will was filed, and after his executors thereunder had taken possession of the property, the appellants necessarily knew that the executors were holding the property adversely to appellants, for the will recited: "I declare that all property owned by myself and by my beloved wife or either of us is community property of myself and my said wife." Notwithstanding these facts, no claim appears to

have been made by appellants to any part of the property. Subsequently in 1900, when Jessie Kenney died and left a will giving the property to the trustees for a specified purpose, and the said trustees had taken possession thereof, and after they and their immediate grantors had paid taxes thereon under color of title for nine years, these appellants for the first time make a claim to one-half thereof by an attempt merely to cloud the title. Under these facts we think the trial court was right in concluding that appellants were barred by lapse of time, even if they once might have had some claim of right.

The judgment is therefore affirmed.

CROW, ROOT, and DUNBAR, JJ., concur.

HADLEY and FULLERTON, JJ., took no part.